UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SETERA TYSON,

    Plaintiff,

-vs-

Case No.: 2:13-cv-13490 AJT-LJM
HON. Arthur J. Tarnow

JOHN R. SERVICE CENTER, INC.
CREDIT ACCEPTANCE CORPORATION,
AL CHAMI and RAMI KAMI,

    Defendants.
_____/

| | |
|---|---|
| Ian B. Lyngklip (P47173)<br>**Attorney for Plaintiff**<br>24500 Northwestern Highway, Suite 206<br>Southfield, MI 48075<br>(248) 208-8864 | Ziyad Kased (P72237)<br>**Attorney for Defendants**<br>625 E. Big Beaver Rd., Suite 205<br>Troy, MI 48083<br>(248) 680-7300 |

_____/

## DEFENDANTS' CAR SOURCE, AL CHAMI AND RAMI KAMI'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

    This entire case is based upon a lie, a lie that Plaintiff told when she claimed to have employment income almost double than she actually made. This is a case in which Plaintiff was approved for credit financing by Credit Acceptance Corporation, (hereinafter CAC), for the purchase of an automobile from Car Source based upon her Credit Application, in which she falsified and misrepresented the amount of income she made, [**Exhibit 1**, Credit Application]. All TILA disclosures were accurate based upon the terms of the financing but also based upon her representation that she made nearly double the income she actually made at McDonalds. Perhaps thinking that Credit Acceptance would not verify her employment and income, she could not have been surprised when CAC informed her through Car Source that she could have credit but that the amount needed was an additional $1,500.00 for her to finance the car based

1

upon her actual income. She was called and informed that she had to come and redo the paperwork which would mean a new credit application and contract based upon her actual income. Knowing that her lie had been detected and having no more money to pay the added amount for the financing, she simply abandoned the vehicle at Car Source's lot and filed this lawsuit. She rejected arbitration, (available to her through her contract), apparently because arbitration would not give her statutory damages and attorney fees.

## STANDARDS OF REVIEW

A motion to dismiss pursuant to FRCP 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. See *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct.807, 127 L. Ed. 2d 114 (1994); *Bower v. Fed. Express Corp.*, 96 F. 3d 200, at 203 (6th Cir. 1996).

To survive a 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and emphasis omitted). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, at 678, 129 S.Ct. 1937, 173 L.Ed 2d 868 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679. (Internal quotations and citations omitted). Moreover, [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but not shown – that the pleader is entitled to relief." *Id.* (Internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims; (2) matters of which a court may take judicial notice; (3) documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, at 322, 127 S. Ct. 2499, 168 L.Ed. 2d 179 (2007); see also *Greenberg v. Life Ins. Co. of Virginia*, 177 F. 3d 507, at 514 (6th Cir. 1999), (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).

## ARGUMENT

Plaintiff gave information to be included on her credit application, [**Exhibit 1**, Credit Application]. She signed the Credit Application, [**Exhibit 1**, page 2]. Above her signature, the application states that she makes $1,817.38 per month at her employment at McDonalds in Southfield, Michigan. She states that she worked there from June 10, 2013. It provides a telephone number for her employer: (248) 594-4773, [**Exhibit 1**, page 1]. It states:

> I acknowledge that pursuant to the Fair Credit Reporting Act, my application will be submitted to Credit Acceptance Corporation, and/or any of its affiliates or subsidiaries or divisions ("Credit Acceptance") for review with the assignment of a sales finance contract written...in connection with my purchase."

*Id.*

Clearly, Plaintiff knew that the contract she signed was subject to a CAC review of the veracity of the information she supplied in the Credit Application.

3

Also above her own undisputed signature, the Credit Application expressly stated: "I certify that the above information is complete and accurate". It was dated August 10, 2013. Neither the declaration of Leslie Tyson nor the declaration of SeTara Tyson addresses the Credit Application signed by SeTara Tyson. Neither declaration contests the fact that the signature on the Credit Application is indeed that of SeTara Tyson. Neither Declaration disputes that SeTara Tyson's signed credit application states her monthly income was $1,827.38 per month. Neither declaration that disputes the fact that SeTara Tyson certified that the information on that Credit Application was complete and accurate.

As stated above, this entire case is based upon a lie, by Plaintiff in which she grossly exaggerated the amount of her income. The credit application is a document that speaks for itself. The contract is based and predicated on the truthfulness and accuracy on the Credit Application. No amendment to this complaint could change these facts and this Court should grant Defendants' Motion to Dismiss because Plaintiff has not stated in her complaint a claim that is plausible and that entitles her to relief. The Defendants do not have to prove "fraud." The Credit Application is admissible, documentary, uncontested evidence that Ms. Tyson misrepresented her income. Furthermore, she verified that the amount she stated as her income is accurate and complete. This is the essence of this case. Plaintiff's motion for discovery is a fishing expedition, not supported by the Court Rules and demonstrates that Plaintiff is in search of a claim she does not have.

Further, as a matter of credibility, it must be noted that the Declarations of Leslie Tyson and SeTara Tyson differs on a fundamental fact. According to Leslie Tyson's Declaration, "We had to take the bus home." *Id.* at Paragraph 33. The Declaration of SeTara Tyson contradicts this "fact."

It says "Without my car, the porter had to drive us home." Unable to agree on such a fundamental fact, how can their memory be correct on such other details in the Declaration? Under *Ashcroft v. Iqbal,* 556 U.S. 662, at 678, 129 S.Ct. 1937, 173 L.Ed 2d 868 (2009), this case must be dismissed with prejudice. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but not shown – that the pleader is entitled to relief." *Id.*

Finally, it is telling that the Credit Application was not included as an exhibit to the complaint. However, as an exhibit to Defendant's Motion to Dismiss, it is considered a part of the complaint because it is central to Plaintiff's claims. The contract at issue in the complaint is a product of and based upon the Credit Application.

WHEREFORE, Plaintiff's case should be dismissed with prejudice.

Respectfully submitted,

Dated: November 1, 2013

/s/Ziyad Kased
Ziyad Kased (P72237)
Kased Law, PLLC
Attorney for Defendants
625 E. Big Beaver Road, Suite 205
Troy, MI, 48083
(248) 680-7300

5