# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SeTara Tyson,

              Plaintiffs,      Case No. 13-cv-13490

v.                                    Judith E. Levy
                                    United States District Judge

Sterling Rental, Inc., *et al.*,

                                    Mag. Judge Mona K. Majzoub

            Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [117]

On August 7, 2017, plaintiff SeTara Tyson filed three motions *in limine* regarding various evidence she sought to have excluded at trial. (Dkts. 113-115.) Defendants' responses to those motions were due on August 21, 2017. They did not file responses. On August 24, 2017, the Court granted each of the motions *in limine*. (Dkt. 116.)

On August 28, 2017, defendants filed a motion for reconsideration regarding the granting of the motion *in limine* to exclude evidence, argument, or opinion relating to its offers to return the vehicle they are accused of converting. (Dkt. 117.) The Court's order excluded as

evidence any offers defendants made to return an allegedly converted vehicle after the alleged conversion on August 12, 2017.

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). But "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

"Where a motion for reconsideration simply repeats the movant's earlier arguments, without showing that something material was overlooked or disregarded, presenting previously unavailable evidence or argument, or pointing to substantial error of fact or law, such motion is frivolous." *Miller v. Norfolk S. Rwy. Co.*, 208 F. Supp. 2d 851, 854 (N.D. Ohio 2002). Frivolous motions for reconsideration are sanctionable under Rule 11. *Id*. at 852-53.

This is the second improper motion for reconsideration that defendants have filed in this case. (*See* Dkt. 77 (seeking reconsideration of an order setting a supplemental briefing page limit of five pages).) Here, defendants argue that they "present facts, law and argument not previously provided to the Court because Defendants' Attorney inadvertently calendared the filing date as one for ma [*sic*] response to a dispositive motion (21 days) rather than the applicable response for a non-dispositive motion (14 days)." (Dkt. 117 at 6-7.)

This litigation has been pending for over four years, including multiple appeals to the United States Court of Appeals for the Sixth Circuit. The dates for the motions *in limine* to be filed were set on April 10, 2017, nearly four months before the motions were due. (Text-Only

Order, 4/10/2017.) The Local Rule setting forth the briefing schedule for all motions, dispositive and non-dispositive, is clear and unambiguous in establishing that a motion *in limine* is not a dispositive motion. E.D. Mich. Local R. 7.1(e)(2)(A).

The Court's ruling is also not dispositive on the remaining issue in this case: whether defendants statutorily converted plaintiffs' car. The offers excluded by the Court are "not admissible even in mitigation of damages" unless "the conversion is technical, inadvertent, or the result of the mistake, and the property is still in status quo," in which case "an offer to return it may be shown in mitigation of damages." *Crowley v. Detroit Garages*, 259 Mich. 170, 174-75 (1932). The exclusion of the evidence is not dispositive as to plaintiff's claims, because it cannot be admitted to prove or disprove liability.

As to the substance of their motion, defendants argue that their offers to return the allegedly converted vehicle, beginning eight days after the alleged conversion occurred and six days after suit was filed, should be admitted to show mitigation of damages because the conversion was technical, inadvertent, or the result of a mistake if it

occurred. (Dkt. 117 at 7 (citing *Crowley v. Detroit Garages*, 279 Mich. 170, 174 (1932).)

Defendants then argue their theory of the case: that on *August 12, 2013*, plaintiff "was free to leave with the car under the threat of being sued at some unspecified time in the future for fraud," thereby making them not liable for statutory conversion of her car. (Dkt. 117 at 7.) The Court has thoroughly analyzed the available evidence and determined that a genuine issue of material fact exists as to whether defendants committed statutory conversion as to plaintiff's car on August 12, 2013. (Dkt. 112.) Defendants cite the Court's opinion regarding that question of material fact to justify the use of evidence, argument, or opinion relating to an offer to return the car eight days later, even though the opinion (and the central issue in this case) are not affected by that evidence. The offers to return the car do not make any fact of the alleged conversion more or less likely, and are not admissible to do so.

Defendants have never argued that the alleged conversion could be considered technical, inadvertent, or the result of a mistake, and offer no reason to believe that could be the case here. The competing allegations in this case are well established, and defendants present no

5

possible array of those facts that could lead a jury to determine that plaintiff's car was only technically, inadvertently, or mistakenly converted. Under Michigan law, plaintiff was under no obligation to take the car back once it had been converted. *Trail Clinic, P.C. v. Bloch*, 114 Mich. App. 700, 706 (1982) (citing *Gum v. Fitzgerald*, 80 Mich. App. 234 (1978)); *Crowley*, 259 Mich. at 174 (citing *Carpenter v. Am. Building & Loan Assoc.*, 54 Minn. 403 (1893)). Defendants offer no argument that even if the conversation were technical, inadvertent, or mistaken, the offer would demonstrate that plaintiff failed to mitigate her damages.

Defendants also argue that the offer to return the car may be used to impugn plaintiff's credibility. However, they cite a portion of plaintiff's deposition transcript, in which she mentioned a conversation with her attorney regarding what she did when she received the offer to return the car. (Dkt. 117 at 8 (citing Dkt. 41-7 at 11).) Defendants offer no substantive reason the offer to return the car would constitute admissible evidence regarding plaintiff's credibility as to her allegations of statutory conversion, other than that the issue of the offer arose in her deposition.

Defendants' motion for reconsideration (Dkt. 117) is DENIED for multiple reasons. First, a party's failure to timely respond to a motion is not a palpable defect in the Court's opinion. Second, the ruling on the motion *in limine* was not dispositive, and cannot be reconsidered under Local Rule 7.1(h)(3). Third, even if the Court did reach the substance of defendants' argument, they have failed to show that the evidence in question is relevant or admissible.

Defendants are advised to consult the Local Rules before filing any future motions for reconsideration.

IT IS SO ORDERED.

Dated: September 6, 2017　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2017.

　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　Case Manager