UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Setara Tyson,

          Plaintiff,        Case No. 13-13490

v.                                   Judith E. Levy
                                   United States District Judge

Sterling Car Rental, Inc., d/b/a Car
Source, Al Chami, and Rami       Mag. Judge Mona K. Majzoub
Kamil,

          Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [141]
AND GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY FEES [124]**

Before the Court is Magistrate Judge Mona K. Majzoub's Report and Recommendation ("R&R") recommending that the Court grant in part and deny in part plaintiff's motion for attorney fees. (ECF No. 124 PageID.1545-58.) Plaintiff submitted one objection to the R&R (ECF No. 143 PageID.1821-26), defendants responded (ECF No. 48 PageID.1828-31), and plaintiff filed a reply in support of her objection. (ECF No. 146 PageID. 1840-41). Defendants submitted three objections (ECF No. 142 PageID.1803-20) and plaintiff responded (ECF No. 147 PageID.1844-53.)

For reasons set forth below, plaintiff and defendants' objections are overruled, and the R&R is adopted in full.

## I. Background

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The factual background from the R&R is incorporated as if set forth herein.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on any motion, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)),

as are those that dispute the general correctness of the R&R. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *and see Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the parties' objections must be clear and specific enough to permit Court to squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.

**III.    Analysis**

**A. Plaintiff's Objection 1**

Plaintiff objects to the R&R's finding that she was not a prevailing party on her Michigan state law conversion claim after remand. (ECF No. 143 PageID.1822-26.) She argues that the Magistrate Judge erred when she found that the stipulated order (the "Stipulated Order") (ECF. No. 120 PageID.1526-27) lacks the judicial imprimatur necessary to confer prevailing party status on plaintiff for the purposes of an attorney fee

award. (ECF No. 143 PageID.1822-23.) For the reasons set forth below, the Court disagrees.

After remand from the Sixth Circuit, the parties settled plaintiff's remaining state conversion claims. (ECF No. 141, PageID.1770). Pursuant to the parties' settlement, the Court entered the Stipulated Order resolving the final claim for damages. (ECF No. 120, PageID.1526-27). Only a final judgment on the merits or a court-enforced consent decree renders a party the "prevailing party" for the purpose of requesting attorney fees. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't. of Health and Human Res.*, 532 U.S. 598, 605 (2001). Because plaintiff did not acquire either, she cannot recover attorney fees for these claims. *See also Toms v. Taft*, 338 F.3d 519 (6th Cir. 2016) (Because the plaintiffs "obtained neither a 'judgment on the merits' nor a 'court-ordered consent decree,' they are not eligible for attorney's fees").

Plaintiff argues that defendants' payment of $7000 constituted a sufficient material change in her legal relationship with defendants to render her the prevailing party. (ECF No. 143, PageID.1825). But

"[p]rivate settlement agreements do not confer prevailing party status." *Toms*, 338 F.3d at 528-29; *See also Buckhannon*, 532 U.S. at 604-605.[1]

Accordingly, the Magistrate Judge correctly found that plaintiff was not eligible for attorney fees incurred on remand for work performed on her statutory conversion claims.

### B. Defendants' Objection 1

Defendants' first objection to the R&R has, from what can be discerned, two subparts. The first sub-part is an objection to the R&R's finding that plaintiff prevailed on claims that were settled. (ECF No. 142 PageID.1803-1808.) The second is an objection to specific time entries and amounts of time expended by plaintiff's counsel. (ECF No. 142 PageID.1809-1813.) For the reasons set forth below, the Court disagrees with both subparts of defendants' first objection.

As to the first sub-part to objection one, defendants argue that plaintiff was not a prevailing party on her statutory conversion claims or her Equal Credit Opportunity Act ("ECOA") claim, and thus she is not

---

[1] Nor could the Stipulated Order be construed as a consent decree. A consent decree "places the power and prestige of the court behind the compromise struck by the parties," *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983), which this order did not do.

entitled to an increase of 20% as if she prevailed on those claims. (ECF No. 142, PageID.1804.) Because plaintiff withdrew her request for injunctive relief and she settled her statutory conversion claims under ECOA, defendants correctly note that she was not the prevailing party on these issues. *See infra*, III.A.

Yet, this does not warrant defendants' conclusion that plaintiff should not receive attorney fees for time expended on those claims. For that proposition, defendants rely exclusively on *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 619-20 (6th Cir. 2007) (ECF No. 142, PageID.1804). There, the Sixth Circuit held that a plaintiff who does not succeed on *any* of her claims cannot receive attorney fees for a reversal of summary judgment on appeal. *Radvansky*, 496, F.3d at 619-20. Here, plaintiff prevailed on appeal on her claims under the ECOA. *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 580 (6th Cir. 2016). Hence, *Radvansky* does not lend support to defendants' argument that granting the attorney fees incurred on appeal would be improper.

Defendants do not argue, but appear to assume, that where a party succeeds on some but not all of its claims, attorney fees should be limited to those expended on claims that were ultimately successful. (ECF No.

6

142, PageID.1804). Where a plaintiff presents "distinctly different claims for relief" based on "different facts and legal theories" a court should limit attorney fees to successful claims because "counsel's work on one claim will be unrelated to his work on another claim." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). On the other hand, where a plaintiff presents related claims for relief "the result is what matters," and the plaintiff need not succeed on each of her legal claims to be awarded all of her attorney fees. *Id; See also Imwalle v. Reliance Medical Prod's Inc.*, 515 F.3d 531 (6th Cir. 2008).

Attorney fees for unsuccessful claims should not be deducted from those reasonably expended if the unsuccessful claims were related to those on which the plaintiff prevailed, and if the plaintiff achieved "a sufficient degree of success to render the hours reasonably expended." *Imwalle*, 515 F.3d at 552. Because plaintiff's claims here arose from common facts, they were related. *Id.* And since she ultimately succeeded on her claims under ECOA, Michigan Motor Vehicle Sales Finance Act, and Michigan Credit Reform Act, and did not prevail on her statutory conversion claims only because the parties settled, she achieved

7

significant success. Accordingly, the Magistrate Judge correctly held that attorney fees for time expended on appeal were appropriate.

In the second sub-part of their first objection, defendants raise several particularized objections to the billed hours as unreasonable and excessive. (ECF No. 142, PageID.1808-1813). Insofar as these objections concern plaintiff's lack of success on her statutory conversion claims, they have been sufficiently addressed above. Insofar as they concern overstaffing and lack of documentation, the Magistrate Judge correctly noted that, even despite an earlier signal from the Sixth Circuit regarding this issue, "Defendants have not challenged the reasonableness of the attorney's fees sought by Plaintiff in the instant Motion with any specificity, i.e., with regard to the number of hours expended or the hourly rates charged by the several attorneys and paralegals who worked on this matter." (ECF No. 141 PageID.1711.) The district court should not consider arguments that have not first been presented to the magistrate judge, *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011) and here, defendants never raised these arguments in their underlying briefs. *See*

*also The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 (6th Cir. 2010). Accordingly, defendants' objection is overruled.

### C. Defendants' Objection 2

Defendants' second objection to the R&R is their argument that the Magistrate Judge improperly relied on law that the Supreme Court has overturned. (ECF No. 142 PageID.1813-15.) For the reasons set forth below, this objection is overruled.

From what the Court can discern, defendants take the position that the case *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987) "flatly overruled" *all* aspects of *Kelley v. Metropolitan County Bd. of Educ.*, 773 F.2d 677 (6th Cir. 1985). Defendants are mistaken.

The *Kelley* court held that an award of attorney fees arising from an appeal under 42 U.S.C. §1988 (another fee-shifting statute, similar in that regard to the ECOA here) is separate and distinct from an award of fees and costs under Federal Rule of Appellate Procedure 39(a). *Id.* This specific issue in *Kelley* was not before the Supreme Court in *Pennsylvania*, so it follows that it was not addressed, much less overturned. *Pennsylvania* held that trial courts should not use discretion

to enhance fees beyond the lodestar to account for the risk involved unless presented with an "exceptional case[] where the need and justification for such enhancement [is] readily apparent and supported by evidence in the record and specific findings by the courts." 483 U.S. at 728-729. As to this issue, *Kelley* was reversed. In conclusion, the Magistrate Judge did not err in relying on this portion of *Kelley* in her R&R, and defendants' second objection is overruled.

### D. Defendants' Objection 3

Defendants' final objection is to the Magistrate Judge's recommendation that the Court allow a higher billing rate for plaintiff's out-of-town counsel. (ECF No. 142 PageID.1815-19.) For the reasons set forth below, the Court disagrees.

Defendants' response in opposition to plaintiff's motion for attorney's fees is silent regarding this issue, and it is raised here in defendants' objections for the first time. (ECF No. 128 PageID.1668–1699.) The district court should not consider arguments that have not first been presented to the magistrate judge, *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C.

10

2011); s*ee also The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 (6th Cir. 2010).

Yet, the R&R's analysis of the plaintiff's appellate attorney fees' reasonableness correctly explains the fact that plaintiff's decision to hire Mr. Deepak Gupta, of Gupta Wessler in Washington D.C., because he is a seasoned appellate practitioner for consumer protection cases, was not improper. (ECF No. 141 PageID.1782.) Plaintiff was entitled to hire the counsel of her choice, and ultimately prevailed on appeal. Accordingly, defendants' objection is overruled.

## IV. Conclusion

For the reasons set forth above, plaintiff and defendants' objections are overruled, the R&R is adopted in full, and the Court GRANTS IN PART AND DENIES IN PART plaintiff's motion for attorney fees. (ECF No. 124.) Plaintiff's Motion for Status Conference (ECF No. 137) is DENIED as moot.

IT IS SO ORDERED.

Dated: July 11, 2019       s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2019.

                                          s/Shawna Burns
                                          SHAWNA BURNS
                                          Case Manager