**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SeTara Tyson,

                  Plaintiff,      Case No. 13-13490

v.                                          Judith E. Levy
                                            United States District Judge

John R. Service Center, Inc.,
Credit Acceptance Corp., Sterling     Mag. Judge Mona K. Majzoub
Car Rental, Inc., d/b/a Car Source,
Al Chami, and Rami Kamil,

                  Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [149]**

Before the Court is Defendants' motion for reconsideration of the Court's opinion and order granting Plaintiff's motion for attorney fees (the "Opinion") (ECF No. 148), which adopted Magistrate Judge Mona K. Majzoub's Report and Recommendation ("R&R".) (ECF No. 141.) For the reasons set forth below, Defendants' motion for reconsideration is denied.

**I.    Background**

The facts giving rise to this motion have been set forth previously in opinions by this Court (ECF Nos. 55, 112) and by the United States

Court of Appeals for the Sixth Circuit. *Tyson v. Sterling Car Rental, Inc.*, 836 F.3d 571, 574–75 (6th Cir. 2016.) In short, this is a consumer credit case. On August 10, 2013, Defendants Sterling Rental, Al Chami, and Rami Kamil sold a car to Plaintiff SeTara Tyson, and then two days later asked her to return to the dealership with the car. She did, at which point Defendants demanded that she pay $1,500 extra to keep the car. The parties dispute what happened next, and what options Plaintiff was given, but ultimately Plaintiff left the dealership without the car. She sued Defendants under multiple theories of liability two days later (ECF No. 1), and subsequently amended her complaint. (ECF No. 32.)

Plaintiff's claims and their dispositions, which are relevant to the award of attorney fees for Plaintiff and underlie Defendants' motion, are as follows.

- Plaintiff sued Defendants for common law and statutory conversion. (ECF No. 32.) The Court granted Defendants' motion for summary judgment on both claims. (ECF No. 43.) Plaintiff appealed the ruling as to statutory conversion only, and prevailed. *Tyson v. Sterling Rental*, 836 F.3d 571, 580–83 (6th Cir. 2016). After remand, Plaintiff filed a motion for summary judgment as to statutory conversion, which the Court denied finding a genuine issue of material fact existed. (ECF No. 112.) The parties later filed a stipulated order of

dismissal as to this claim, which closed the case. (ECF No. 120.)

- Plaintiff sued Defendants under the Michigan Motor Vehicle Sales Finance Act ("MVSFA"), Mich. Comp. Laws § 492.101 *et seq.*, and the Michigan Credit Reform Act ("MCRA"), Mich. Comp. Laws § 445.1851 *et seq.* Plaintiff prevailed on summary judgment as to these claims (ECF No. 55) and no appeals were taken.

- Plaintiff sued Defendants under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and prevailed on summary judgment. (ECF No. 55.) Defendants appealed this ruling, and the Sixth Circuit affirmed Plaintiff's prevailing party status. *Sterling Rental*, 836 F.3d at 580.

- Plaintiff sued Defendants for injunctive relief under the ECOA, and the Court initially denied her motion for summary judgment for this form of relief. (ECF No. 55.) Plaintiff successfully appealed this decision. *Sterling Rental*, 836 F.3d at 580. After remand, plaintiff voluntarily withdrew these claims. (*See* ECF Nos. 111, 112.)

- Plaintiff sued Defendants under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. She successfully defended against Defendants' summary judgment motion on this claim (ECF No. 43), and the parties later resolved the TILA claim through stipulation. (ECF No. 59.)

- Finally, Plaintiff sued Defendants for breach of contract and for violation of the Uniform Commercial Code ("UCC"), and successfully defended against Defendants' motion for summary judgment. (ECF No. 43.) The parties later resolved this claim by stipulation. (ECF No. 59.)

In May 2015, before the appeals set forth above were taken, Plaintiff moved for attorney fees after achieving success on her ECOA, MVSFA, and MCRA claims. (ECF No. 70.) The Court granted her motion but reduced her fees by twenty percent to account for settling certain claims and for her then-lack of success on her conversion claims. (ECF No. 80.) The parties cross-appealed, and the Sixth Circuit affirmed the attorney fee award in part and reversed in part on the same day that it issued an opinion reversing and remanding Defendants' summary judgment on Plaintiffs' conversion claims. *Tyson v. Al Chami*, 659 F. App'x 346 (6th Cir. 2016). Specifically, the Sixth Circuit in *Al Chami* affirmed this Court's lodestar calculation but reversed the twenty percent reduction in fees in light of its holding on the same day. *Id.* at 349.

After remand, the parties stipulated to the entry of an order permitting Plaintiff to file a new petition for attorney fees (ECF No. 120), which she timely filed (ECF No. 124). The R&R, Opinion, and this motion for reconsideration arise out of that petition.

**II.   Legal Standard**

To prevail on a motion for reconsideration under Eastern District of Michigan Local Rule 7.1, a movant must "not only demonstrate a

4

palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e), that there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if the "parties use . . . a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007).

**III. Analysis**

In their motion for reconsideration, Defendants raise two arguments, both of which improperly present the same arguments on issues on which the Court has already ruled, and neither of which demonstrate a palpable defect that would result in a different disposition. (ECF No. 149.) For the reasons set forth below, the Court denies Defendants' motion for reconsideration.

### A. *Kelly* Was Not Overruled in Full

Defendants' first argument is that the Court made a "palpable mistake when it *inferred* what the Supreme Court meant to do in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987) which overruled *Kell[e]y v. Metropolitan County Bd. Of Educ.*, 773 F.2d 677 (6th Cir. 1995)." (ECF No. 149, PageID.1871. (emphasis in original).) Defendants argue that "Kell[e]y was flatly overruled," "clearly is not binding precedent for this Court," and "its precedential value is dubious (to be kind); most would say nonexistent." (*Id.* at 1871–72.) This argument demonstrates a misunderstanding of Supreme Court jurisprudence and the doctrine of precedent. The portion of *Kelley* cited in the Opinion was not affected by the Supreme Court's opinion in *Pennsylvania* for the reasons set forth.

There were five issues before the Sixth Circuit on cross-appeals in *Kelley*: whether the district court erred in: (1) refusing to award attorney fees for services rendered up to a certain date; (2) declining to award fees for appellate work; (3) failing to discern the specific extent to which the plaintiffs prevailed on each of their claims; (4) holding defendants liable for work required by the plaintiff's attorneys due to the intervention of third parties; and (5) whether the district court abused its discretion in calculating the daily and hourly rates for two of the plaintiffs' attorneys. 773 F.2d at 679.

As to the fifth issue, the district court in *Kelley* had approved a twenty-five percent upward adjustment to compensate the plaintiffs' attorneys for "the difficulty of the prolonged litigation and its unpopularity in some sectors of the community." *Id.* at 683. On appeal, the Sixth Circuit upheld the twenty-five percent increase "as a contingency factor." *Id.* at 686.

Eight years later, in *Pennsylvania*, the Supreme Court analyzed "whether, when a plaintiff prevails its attorney should or may be awarded separate compensation for assuming the risk of not being paid." *Pennsylvania*, 483 U.S. at 715. The Court ultimately concluded that the

7

risk of losing a lawsuit should not be an "independent basis for increasing the amount of any otherwise reasonable fee for the time and effort expended in prevailing." *Id*. at 725. The Court analyzed several factors that district courts historically considered in adjusting fees upward or downward, including issues of delay, the risk of nonpayment, issues of public importance, whether a position is unpopular in the community, whether the opposing counsel is difficult and obstreperous, and whether the case was taken on a contingency fee basis. *Id*. at 716. The Court further explained in a footnote that, "[n]umerous Courts of Appeals, acting under fee-shifting statutes, have approved an upward adjustment of the lodestar to compensate for the risk of not prevailing. *See, e.g.* [. . .] *Kelley v. Metropolitan County Bd. of Ed.*, 773 F.2d 577, 683, 686 ([6th Cir.] 1985) (en banc), cert. denied, 474 U.S. 1083 [. . .] (1986)." *Id*. at 717, fn. 4.

Notably, the footnote in *Pennsylvania* cites only to one of the five issues in *Kelley*– specifically, the Sixth Circuit's approval of the twenty-five percent upward adjustment to compensate the plaintiffs' attorneys for case difficulty and the length of litigation. *Pennsylvania*, 483 U.S. at 717 (citing *Kelley*, 773 F.2d at 683, 686).

8

Here, the Opinion cited *Kelley* for a different issue, namely, *Kelley*'s analysis of the propriety of awarding the prevailing party fees for appellate work. (ECF No. 141, PageID.1773–74 (citing *Kelley*, 773 F.2d at 677, 681.) This citation to *Kelley* was appropriate, as *Pennsylvania* did not address attorney fee awards for appellate services whatsoever, and accordingly this portion of *Kelley* was not overturned (or even criticized) by the Supreme Court in *Pennsylvania*.

Moreover, post-*Pennsylvania*, the Sixth Circuit has repeatedly upheld awards of appellate attorney fees for the prevailing party where such awards are otherwise authorized by law, which is exactly what happened in this case. *See, generally, Harper v. BP Exploration & Oil., Inc.*, 3 F. App'x 204, 210 (6th Cir. 2001) (awarding appellate attorney fees to a prevailing party on direct appeal); *Riley v. Kurtz*, 361 F.3d 906, 916 (6th Cir. 2004) (awarding appellate attorney fees for successfully defending a judgment on appeal); *Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1404 (6th Cir. 1995) (awarding reasonable appellate attorney fees to the prevailing party on appeal); *West v. Hess Envtl. Servs, Inc.*, 111 F. 3d 132, 1997 WL 189507, at *3 (6th Cir. 1997) (unpublished table decision) (recognizing

9

that the right of a prevailing party to attorney fees extends to fees incurred both defending an appeal and prosecuting a cross-appeal).

Accordingly, Defendants' motion for reconsideration is denied because *Kelley* was not overturned in full by *Pennsylvania* and because the Court was correct to award Plaintiff fees for prevailing on appeal.

### B. The Court Did Not Err in Declining to Deduct Plaintiff's Attorney Fees for Related Claims That Were Otherwise Resolved.

Defendants' next argument seems to rely on the portion of the Sixth Circuit's opinion in this case:

> the facts borne out in discovery establish that by the time Plaintiff returned to Car Source, Defendants' duties regarding possession of the vehicle no longer emanated from the contract of sale; rather, at that point in time, Defendants' duty to refrain from wrongfully exerting dominion over Plaintiff's vehicle emanated from the policies underlying the tort of conversion.

*Al Chami*, 836 F.3d at 583. Based on this, from what the Court can discern as Defendants do not cite to any law, Defendants appear to argue that the Opinion should have awarded Plaintiff attorney fees only for those claims on which she prevailed, and the Court should have deducted a percentage from fees reasonably expended on her other claims that were later resolved by the parties.

Defendants argument is meritless. Notably, the Sixth Circuit in *Al Chami* stated the following with regard to reducing a fee award based on the theory Defendants advance:

> We have held, moreover, that "[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney's fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced.".

*Al Chami*, 659 F. App'x at 349 fn. 2 (citing *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996)). Therefore, the decision declining to reduce Plaintiff's attorney fee award was correct under *Al Chami* and Sixth Circuit precedent. Accordingly, Defendants' motion for reconsideration on this issue is also denied.

### IV. Conclusion

For the reasons set forth above, the Court DENIES Defendants' motion for reconsideration [149].

IT IS SO ORDERED.

Dated: October 15, 2019  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge