# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SeTara Tyson,

                Plaintiff,       Case No. 13-13490

v.                             Judith E. Levy
                                 United States District Judge

John R. Service Center, Inc.,
Credit Acceptance Corp., Sterling    Mag. Judge Mona K. Majzoub
Car Rental, Inc., d/b/a Car Source,
Al Chami, and Rami Kamil,

                Defendants.

_____/

## ORDER GRANTING IN PART PLAINTIFF'S EMERGENCY MOTION FOR RESTRAINING ORDER AGAINST STERLING RENTAL, INC., TRANSFER OF ASSETS, AND DEBTOR-CREDITOR EXAMINATION [151]

Before the Court is Plaintiff SeTara Tyson's unopposed emergency motion for restraining order against Sterling Rental, Inc., transfer of assets, and debtor-creditor examination. (ECF No. 151.) Defendants were ordered to respond no later than Friday December 6, 2019 and did not respond. (ECF No. 152.) Having considered the unopposed motion and applicable law, the Court grants in part and denies in part Plaintiff's motion for the reasons set forth below.

The Federal Rules of Civil Procedure expressly authorize discovery "[i]n aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2). The Sixth Circuit has confirmed that "the scope of postjudgment discovery is very broad." *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007.) Rule 69 states: "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution . . . must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Accordingly, the procedures of Michigan law apply.

First, Plaintiff seeks a debtor-creditor examination of a Sterling Rental corporate representative, Al Chami, and Rami Kamil in order to discover the assets held by Defendants. Both Federal Rule of Civil Procedure 69(a)(2) and Michigan law authorize this type of post-judgment discovery. Michigan Compiled Laws § 600.6110(1) states:

> [u]pon an affidavit, showing to the satisfaction of the judge that any person has money or property of the judgment debtor, or is indebted to him, the judge may issue a subpoena requiring the judgment debtor or person or both to appear at a specified time and place, and be examined on oath, and to produce for examination any books, papers, or records in his or its possession or control with have or may contain information concerning the property or income of the debtor.

Plaintiff argues that Defendants have not satisfied payment of Plaintiff's award of damages, attorney fees, and costs in this case and has supported this argument with an affidavit to this effect. (ECF No. 151-5, PageID.1931.) Accordingly, Plaintiff is authorized to issue a subpoena requiring Defendants Sterling Rental, Inc., Al Chami, and Rami Kamil to attend a debtor-creditor examination as provided by Michigan law.

Next, Plaintiff seeks an order enjoining Defendant Sterling Rental, Inc. from transferring assets. Michigan Compiled Laws § 600.6116 states:

> (1) An order for examination of a judgment debtor may contain a provision restraining the judgment debtor from making or suffering any transfer or other disposition of, or interference with any of his property then held or thereafter acquired by or becoming due to him not exempt by law from application to the satisfaction of the judgment, until further direction in the premises, and such other provisions as the court may deem proper.
>
> (2) Unless previously vacated by order of the court or by stipulation of the parties in writing, a restraining provision as herein provided shall remain in full force and effect for a period of 2 years from the date thereof, at which time it shall be deemed vacated for all purposes unless extended by order of the court for good cause shown.

Plaintiff argues that she has no information regarding Sterling Rental's assets. She argues that, as a used car lot, Sterling Rental could transfer all of its assets to new ownership "simply by signing the titles to a new company." (ECF No. 151, PageID.1891.) She also states that since entry of judgment, Defendant's counsel indicated that Sterling would "go bankrupt rather than pay the judgment." (*Id.*)

The Court takes these allegations seriously and notes that Defendant has not responded or otherwise offered another explanation for why it has not paid Plaintiff's award in full. Despite this concern, an order enjoining Defendant from transferring any assets to a third party may effectively halt Defendant's business operations of selling and leasing used cars, which may make it more likely that Defendant will not pay Plaintiff her award. Accordingly, Plaintiff's motion to enjoin the transfer of assets is granted in part. Sterling Rental may continue to sell and lease vehicles only in the ordinary course of business. If, after conducting postjudgment discovery as set forth in this order, Plaintiff discovers that Defendant has transferred any of its assets in bad faith or for the purpose of avoiding payment of Plaintiff's award, Plaintiff may present this motion again.

For the reasons set forth above, Plaintiff's motion to conduct postjudgment discovery is GRANTED and Plaintiff's motion to enjoin transfer of Sterling Rental's assets is GRANTED IN PART.

IT IS SO ORDERED.

Dated: December 9, 2019
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 9, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager