# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SeTara Tyson,

                Plaintiff,        Case No. 13-13490

v.                                     Judith E. Levy
                                       United States District Judge
John R. Service Center, Inc.,
Credit Acceptance Corp., Sterling     Mag. Judge Mona K. Majzoub
Car Rental, Inc., d/b/a Car Source,
Al Chami, and Rami Kamil,

                Defendants.

_____/

## ORDER DENYING MOTION FOR CONSOLIDATED JUDGMENT [157]

Before the Court is Plaintiff SeTara Tyson's motion for a consolidated order of judgment. (ECF No. 157.) Due to the nature of the litigation in this case, the orders and stipulations awarding Plaintiff damages, costs, and fees are recorded throughout the docket. Plaintiff alleges that Defendants have not paid the damages, fees, or costs awarded to Plaintiff in this case, and Defendants have not responded to or opposed these allegations. (*See* ECF No. 151, PageID.1889.) Plaintiff's motion requests that all of the orders resolved in Plaintiff's favor be

consolidated into a single judgment so that Plaintiff can record a single item as a lien or include it with a garnishment. (ECF No. 157, PageID.1953.)

No separate judgment document has been entered in this case because there was never an opinion or decision of this Court that adjudicated all claims at one time such that a separate judgment was required. *See* Fed. R. Civ. P. 54, 58. The background of this case has been set forth in previous orders, but to briefly summarize, Plaintiff's motion for partial summary judgment was granted on March 18, 2015. (ECF No. 55.) The remaining claims were resolved by stipulation on April 9, 2015. (ECF No. 59.) Then, appeals were taken and, on remand, the Court denied Plaintiff's motion for partial summary judgment on April 10, 2017. (ECF No. 112.) The parties stipulated to settling the last remaining claim on November 27, 2017. (ECF No. 120.) The merits of this case have been resolved for over two years. The last opinion and order, which denied Defendants' motion for reconsideration of the Court's order granting attorney fees to Plaintiff, was entered in this case on October 15, 2019. (ECF No. 149.)

Although Plaintiff seeks an "amended final order of judgment," she cannot seek an amended judgment under Federal Rule of Civil Procedure 59(e) because there is no separate judgment to amend. Nor is she seeking to alter the terms of any previous orders. Rather, Plaintiff moves under Federal Rule of Civil Procedure 58(b)(2) which provides,

> Subject to Rule 54(b)[1] the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:
> . . .
> (B) the court grants other relief not described in this subdivision (b).

Fed. R. Civ. P. 58(b)(2). However, the primary purpose of Rule 58 is "to enable a party to know when the court regards the case as closed and intends that no further action be taken, and thus to know when the time to appeal has commenced to run." *Hooker v. Weathers*, 990 F.2d 913, 914 (6th Cir. 1993). Thus, Rule 58 does not support entering a separate

---

[1] Federal Rule of Civil Procedure 54(b) states: "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

judgment for a limited purpose of consolidating the previous records into a single document. Moreover, Federal Rule of Civil Procedure 54(a) states: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings." Plaintiff's request in her motion is, in essence, for a consolidated record of prior proceedings. Accordingly, the Court declines to enter a separate judgment for the reasons set forth above and Plaintiff's motion is DENIED.

However, the Court is sympathetic to Plaintiff's position and recognizes the challenges inherent in enforcing awards and stipulations of damages, fees, and costs that are not contained in a single document, particularly when they span over four years of litigation. After careful review of Plaintiff's motion and proposed order, the Court can confirm that the awards set forth in the below chart have been entered in Plaintiff's favor in this case:

| Docket Entry | Description | Amount |
|---|---|---|
| ECF No. 55 | Opinion and Order Granting Plaintiff's Motion for Partial Summary Judgment | $12,248.00 |

| ECF No. 59 | Stipulated Order for Damages | $3,000.00 |
| --- | --- | --- |
| ECF No. 69 | Order Granting Plaintiff's Motion for Taxation of Costs | $716.55 |
| ECF No. 80 | Opinion and Order Granting in Part Plaintiff's Motion for Attorney Fees | $57,306.40 |
| ECF No. 120 | Stipulated Order of Dismissal | $7,000.00 |
| ECF No. 123 | Taxed costs | $1,010.00 |
| ECF No. 148 | Order Adopting Report and Recommendation Granting in Part and Denying in Part Plaintiff's Motion for Attorney Fees | $140,844.67 |
| Total: | | $222,125.62 |

IT IS SO ORDERED.

Dated: January 21, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court s ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 21, 2020.

s/William Barkholz
Case Manager